# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYEMNT, OPPORTUNITY COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:24-cv-01687 |
| vs. | ) ) ) | |
| GLUNT INDUSTRIES, INC., and MERIT CAPITAL PARTNERS IV, LLC | ) ) ) ) ) ) ) | **MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS THE COMPLAINT** |
| Defendants. | ) | |

## TABLE OF AUTHORITIES

**Cases**
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................................... 3, 13
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .......................................................... 3, 9, 13
*Clayton v. Meijer,* 281 F.3d 605, 609 (6th Cir. 2002) ........................................................................ 8
*Com. Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007) ..................... 4
*E.E.O.C. v. New Breed Logistics,* 783 F.3d 1057, 1066 (6th Cir. 2015) ........................................ 6
*EEOC v. FedEx Ground Package Sys.*, 158 F. Supp. 3d 393, 403 (W.D. Penn. 2016) ................ 12
*HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012) ............................................. 4
*McClusky v. Lake Hosp. Sys., Inc.*, No. 1:14-CV-519, 2015 WL 2451727 (N.D. Ohio May 21, 2015) ................................................................................................................................................ 10
*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) ........ 12
*Millner v. Sysco Food Servs. of Cincinnati, LLC,* No. 1:08–CV–841, 2010 WL 3467908 (S.D. Ohio Feb.1, 2010) ........................................................................................................................ 10
*Moore v. KUKA Welding Sys. & Robot Corp.,* 171 F.3d 1073, 1080 (6th Cir. 1999) .................. 11
*Nesmith v. Compassus*, No. 18-5691, 2018 WL 6841768 (6th Cir. 2018) ..................................... 7
*Sam Han v. Univ. of Dayton,* 541 F. App'x 622, 627 (6th Cir.2013) ............................................ 10
*Savage v. Gee*, 665 F.3d 732, 739–40 (6th Cir. 2012) .................................................................. 11
*Serrano v. Cintas Corp.,* 699 F.3d at 898 (6th Cir. 2012) .............................................................. 12
*Spencer-Dey v. Nicastro*, No. 1:16 CV 908, 2016 WL 9409018 (N.D. Ohio Apr. 22, 2016) ...... 13
*Tchankpa v. Ascena Retail Grp., Inc.,* 951 F.3d 805, 814 (6th Cir. 2020) .................................. 11
*Younis v. Pinnacle Airlines, Inc.,* 610 F.3d 359, 361 (6th Cir. 2010) ............................................. 5

**Statutes**

Title VII ................................................................................................. 2, 4, 6, 8, 10, 12

**Rules**

Rule 12(b)(6) ............................................................................................................. 2

## INTRODUCTION

Defendants Glunt Industries, Inc. ("Glunt") and Merit Capital Partners IV, LLC ("Merit") (collectively "Defendants"), by their undersigned attorneys, hereby submit this Memorandum of Law in support of its Partial Motion to Dismiss the Complaint filed by Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") in this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. The Complaint relies on conclusory recitations of the elements of a cause of action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and fails to place Defendants on notice of the actions that Plaintiff allege Defendants took in retaliating against Charging Party Ginger Burns ("Charging Party") for unidentified protected activity Charging Party engaged in. Plaintiff fails to describe plausible facts to support a claim that Charging Party was subject to disparate treatment and/or disparate terms and conditions on the basis of sex. Plaintiff also fails to plead facts to support a claim that Charging Party was constructively discharged on the basis of sex. Moreover, Plaintiff claims to bring an action on behalf of "a class of women who were adversely affected by such [unlawful employment] practices," but fails to allege any facts regarding purported members of the class. For these foregoing reasons, the Court should dismiss the above claims.

## BACKGROUND

On February 24, 2022, Charging Party through Plaintiff served Glunt with a Charge of Discrimination, alleging employment discrimination based on her sex, and a pattern and practice of sex discrimination against females as a class. (Declaration of Richard Hill [hereinafter "Hill Decl."] ¶ 2.)  The EEOC's investigation was initiated in February 2022, with Glunt as the only named respondent.  In May 2024, Glunt received a Letter of Determination in which Merit was added as a respondent.  On July 1, 2024, both Glunt and Merit received a copy of the Notice of Conciliation Failure.

On September 30, 2024, the EEOC filed the Complaint against Glunt and Merit alleging that Glunt discriminated and retaliated against the Charging Party on the basis of sex, constructively discharged Charging Party, and "subjected a class of women to disparate terms and conditions of employment and discharge on the basis of sex." (Compl. ¶¶ 3, 34, 40, ECF No. 1.)

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.  To meet this standard, the complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Acknowledging the court must accept the Complaint's factual allegations as true and view factual allegations in favor of the Plaintiff, "'a legal conclusion couched as a factual

allegation' need not be accepted as true on a motion to dismiss*." HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012) (citation omitted). The Sixth Circuit repeatedly has held that "broad and conclusory allegations of discrimination cannot be the basis of a complaint…". *HDC, LLC*, 675 F.3d at 614.  Instead, "a plaintiff must state [factual] allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims." *Id*.  "[A] complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right … is insufficient." *Id.* (citation omitted).

## ARGUMENT

This Court should dismiss the following claims against Glunt: (1) retaliation against Charging Party; (2) subjecting Charging Party to disparate treatment and/or disparate terms and conditions; (3) constructively discharging Charging Party; and (4) subjecting a class of women to a pattern or practice of employment discrimination because Plaintiff fails to allege sufficient facts to establish any particular violation of Title VII with respect to Charging Party and the class of women.

**I.      The Cause of Action for Retaliation Against Charging Party Should Be Dismissed for Failure to Exhaust Administrative Remedies and Because It is Not Properly Pled.**

   **A.     Charging Party's Notice of Discrimination Did Not Mention Retaliation or Any Facts Upon Which Such a Claim Could Be Based.**

In her EEOC filing, Charging Party's Charge of Discrimination is absent of any mention of retaliation.  (Hill Decl. ¶ 2, Ex. 0001.)[1]  Charging Party failed to reference any retaliation in the narrative of the Charge of Discrimination and did not check the discrimination box for

---

[1] Courts may consider documents "when a document is referred to in the pleadings and is integral to the claims… without converting a motion to dismiss into one for summary judgment." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 335-36 (6th Cir. 2007).

retaliation. Instead, Charging Party raised only claims of discrimination based on sex, therefore, any potential retaliation claims must be dismissed for failure to exhaust. *See Younis v. Pinnacle Airlines, Inc.,* 610 F.3d 359, 361 (6th Cir. 2010) ("As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge.").

In *Younis,* the Sixth Circuit affirmed the district court's decision to dismiss complainant's retaliation for failure to exhaust his administrative remedies. *Id.* at 363. The Court noted the EEOC form includes "a specific check-off box to indicate a charge of retaliation. Although [complainant] marked other boxes on the form evincing an intent to charge discrimination based on religion and national origin, he did not indicate that he was alleging retaliation...." *Id.* Here, Charging Party similarly indicated an intent to charge discrimination based on sex, but did not indicate she was alleging retaliation.

Moreover, in *Younis,* the court noted that nothing in the narrative portion of the claimant's EEOC charge could be interpreted as claiming retaliation, "nor is there any language that would have put the EEOC or the employer on notice that [claimant] was alleging retaliation...". *Id.* Here, Charging Party's narrative similarly did not provide Glunt with the required notice that she was alleging retaliation, robbing Glunt of the opportunity to properly defend against this claim. Charging Party claimed:

> I resigned on November 4, 2021, *after a female engineer was discharged and a male employee who didn't have an engineering degree remained employed*. I believe that I was discriminated against due to my sex, female in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that females as a class, were discriminated against due to their sex, female in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Hill Decl. ¶ 2, Ex. 0001.) (emphasis added.)

Charging Party claims she resigned after *another employee* suffered an adverse employment action. The Charge of Discrimination, in other words, did not allege an action that could reasonably be seen as a retaliatory against Charging Party herself.  For this reason, Plaintiff's retaliation claim on behalf of Charging Party must be dismissed.

      **B.**     **The Complaint Does Not Allege Facts Sufficient to State a Plausible Claim of Retaliation.**

Additionally, Plaintiff's claim of retaliation must be dismissed as it fails to plausibly establish a *prima facie* case of retaliation under Title VII.  There are no factual allegations that show that Charging Party engaged in any protected activity or that Glunt took any adverse action against her, both required elements of her claim.

To establish a *prima facie* case of retaliation under Title VII, Plaintiff must plead facts sufficient to demonstrate: (1) she engaged in protected activity; (2) Glunt knew of her protected activity; (3) Glunt took adverse action against her; and (4) a causal connection exists between the protected activity and the adverse action. *EEOC v. New Breed Logistics,* 783 F.3d 1057, 1066 (6th Cir. 2015).

Plaintiff's Complaint fails both to identify what protected activity Charging Party engaged in and what adverse action was taken against her.  Plaintiff's Complaint uses the phrase "protected activity" without actually identifying what specific activity Charging Party engaged in:

> Charging Party engaged in *protected activity*, as defined by Title VII, including when she reported to management and executive leadership the disparate terms and conditions of employment to which she had been subjected and including her opposition to the company's continued refusal to employ women in production or plant floor positions, interference with or rejecting female job seekers or applicants on the basis of sex, and retaliation against her because of her *protected activity*.

(Compl. ¶ 34, ECF No. 1.)

The act of "report[ing] to management and executive leadership the disparate terms and conditions of employment to which she had been subjected and including her opposition to the company's continued refusal to employ women," is conclusory and merely restates parts of the legal standard. The Complaint does not plausibly allege facts of specific instances in which Charging Party "reported to management," including any times, dates, locations, what Charging Party "reported", who she "reported to," and management's response to her "report."

Similarly, Plaintiff's Complaint fails to identify what adverse employment action was taken against Charging Party. Plaintiff's Complaint sets forth a long list of generic employment actions allegedly taken against Charging Party, but, again, does not allege any facts about when the actions were taken and by whom they were taken. (Compl. ¶¶ 33, 44, ECF No. 1.) Charging Party herself represents in her Charge of Discrimination, "I resigned on November 4, 2021…". (Hill Decl. ¶ 2, Ex. 0001.) It is not an adverse employment action for an employer to take a resigning employee at her word.[2] Without more, Plaintiff fails to identify any adverse employment action taken against Charging Party, let alone the causal connection between the unidentified alleged protected activity.

To survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level…." *Nesmith v. Compassus*, No. 18-5691, 2018 WL 6841768, at *1 (6th Cir. Dec. 10, 2018) (alteration in original) (citation omitted). In *Nesmith,* the Court of Appeals affirmed the district court correctly found claimant's own allegations showed the employer was not aware of any protected activity

---

[2] Charging Party's resignation is not an adverse action because the facts alleged in the Complaint cannot establish a constructive discharge. *See, infra*, Section III.

at the time the adverse employment action was taken. *Nesmith,* 2018 WL 6841768 at *2. Similar to Charging Party, the claimant in *Nesmith* presented no factual allegations in his complaint but stated "he was . . . retaliated against 'for opposing unlawful employment practices.'" *Id.* at *1. The Court of Appeals found claimant's allegation for retaliation merely speculative and incapable of supporting a Title VII claim of retaliation. *Id.* at *2.

Likewise, Plaintiff's inability to allege facts describing Charging Party's alleged protected activity and adverse employment action must result in a similar dismissal. Plaintiff's statement that "because of Charging Party's continued support for and efforts to employ [the women identified above] and other women and her other protected activity, Defendants unlawfully retaliated against Charging Party" is speculative because it gives no facts that support a finding that engaging her alleged normal job duties rises to the level of protected activity nor does it allege any facts that could establish Charging Party was retaliated against. (Compl. ¶ 44, ECF No. 1.)

Therefore, Plaintiff has failed to meet its pleading burden for the claim of retaliation and the Court must dismiss this portion of the Complaint.

**II.     Plaintiff's Allegations That Charging Party Was Subjected to Disparate Treatment Are Conclusory And Fail to Support a Plausible Claim.**

Plaintiff's claim of disparate treatment must be dismissed as it fails to plausibly establish a *prima facie* case of disparate treatment under Title VII. To establish a *prima facie* case of disparate treatment under Title VII, Plaintiff must plead facts sufficient to demonstrate: (1) she was a member of a protected class; (2) she was subject to an adverse employment action; (3) she was qualified for the position; and (4) similarly situated employees outside the protected class were treated more favorably. *Clayton v. Meijer,* 281 F.3d 605, 609 (6th Cir. 2002). The Complaint fails to allege that Charging Party was subject to an adverse employment action and

fails to allege any facts to show a similarly situated employee outside her class treated more favorably than her.

Plaintiff's Complaint vaguely lists several actions Charging Party was subjected to that it alleges were "less favorable terms and conditions of employment" but fails to provide any details. (Compl. ¶¶ 33, 44, ECF No. 1.) Although a complaint need not contain "detailed factual allegations," the plaintiff must allege facts that "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. Plaintiff's Complaint fails to push its disparate treatment claim above speculative level. For example, the Complaint states, "Charging Party was subjected to less favorable terms and conditions of employment on the basis of sex including, but not limited to, denied, minimized, or limited ability to perform or fulfill the managerial job duties attendant to her position . . . ." (Compl. ¶ 33, ECF No. 1.) Complaint fails to allege *when* Charging Party was denied the ability to perform her job, *who* denied Charging Party this ability, or *how* Charging Party was denied the ability to perform her job duties.

Similarly, neither the Complaint nor the Charge of Discrimination allege facts showing that a similarly situated employee outside the protected class was treated more favorably than the Charging Party. For example, both the Charge of Discrimination and the Complaint claim generally that Charging Party was excluded from a company meeting but fail to mention any similarly situated male employee that was not excluded. Charging Party's Charge of Discrimination states that she was excluded from a meeting "while the male Maintenance, and Sale Representative were included." (Hill Decl. ¶ 2, Ex. 0001.) Plaintiff's Complaint states that "Glunt conducted a meeting with the male managers… [o]nly male managers attended the meeting with Dennis Glunt." (Compl. ¶ 41, ECF No. 1.) Aside from the inconsistency, both

Plaintiff and Charging Party fail to identify a comparator to allege a similarly situated employee outside of Charging Party's class was treated more favorably.

Plaintiff's vague references do not provide the necessary specificity required to identify employees who are alleged comparators. *See McClusky v. Lake Hosp. Sys., Inc.*, No. 1:14-CV-519, 2015 WL 2451727, at *3 (N.D. Ohio May 21, 2015); *see also Sam Han v. Univ. of Dayton,* 541 F. App'x 622, 627 (6th Cir.2013) (Plaintiff's complaint alleged that he "was treated less favorably than other similarly-situated female employees, but he . . . offered no specifics regarding who those employees were or how they were treated differently."); *Millner v. Sysco Food Servs. of Cincinnati, LLC,* No. 1:08–CV–841, 2010 WL 3467908, at *9 (S.D. Ohio Feb.1, 2010) (finding that a "blanket statement that 'all of the Procurement Specialists had struggled in recent years,'" did not meet the requirements of the fourth prong), *report & recommendation adopted,* No. C–1–08–841, 2010 WL 3468110 (S.D. Ohio Aug. 31, 2010).  Therefore, the Court should dismiss Plaintiff's claim of disparate treatment because Plaintiff's allegations fail to support a plausible claim.

**III.     Plaintiff's Allegations That Charging Party Was Constructively Discharged Are Conclusory And Fail to Support a Plausible Claim.**

Plaintiff's claim of constructive discharge must be dismissed as it fails to plausibly establish a *prima facie* case of constructive discharge under Title VII.  To establish a *prima facie* case of constructive discharge under Title VII, Plaintiff must plead facts sufficient to demonstrate: (1) Glunt deliberately created intolerable working conditions, as perceived by a reasonable person, and (2) Glunt did so with the intention of forcing the employee to quit.  "A constructive discharge occurs when 'working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to

resign.'" *Tchankpa v. Ascena Retail Grp., Inc.,* 951 F.3d 805, 814 (6th Cir. 2020) (quoting *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1107 (6th Cir. 2008)).

The Complaint fails to plausibly allege that Charging Party was subject to such intolerable working conditions. Plaintiff's Complaint lists adverse acts *without specifying the actual action*. For example, Plaintiff's Complaint states Charging Party was "subjected to…belligerent or bullying behavior, exclusion from conferences, meetings, and other conferrals…." (Compl. ¶ 44, ECF No. 1.) Plaintiff's Complaint does not state what specific act was "belligerent or bullying" or give any details of what "conferences" she was allegedly excluded from. Instead, the Complaint describes *one* meeting Charging Party was not required to attend. (Compl. ¶ 41, ECF No. 1.) ("When Charging Party asked to be included in the meeting, Dennis Glunt refused to allow her to attend.")

The Sixth Circuit's standard for a constructive discharge claim is demanding. *See Savage v. Gee*, 665 F.3d 732, 739–40 (6th Cir. 2012) (rejecting a constructive discharge claim stemming from an employee's negative response to criticism). "[C]riticism and negative feedback do not suffice, especially when contained to a *few isolated incidents*." *Tchankpa,* 951 F.3d 814 (emphasis added). Aside from vaguely describing a single meeting Charging Party was not invited to, nothing in Plaintiff's Complaint suggests that Charging Party suffered from working conditions that were so intolerable she had no choice but to quit.

Plaintiff's Complaint also fails to plead any facts upon which an inference can be drawn that Glunt intended to force Charging Party's resignation. *See Held v. Gulf Oil Co.,* 684 F.2d 427, 432 (6th Cir. 1982). "Intent can be shown by demonstrating that quitting was a foreseeable consequence of the employer's actions." *Moore v. KUKA Welding Sys. & Robot Corp.,* 171 F.3d 1073, 1080 (6th Cir. 1999). Plaintiff's Complaint does not allege that Glunt engaged in a

deliberate or intentional course of conduct that was *calculated* to force Charging Party into an involuntary resignation or allege any facts upon which such an inference can be drawn. Without more, Plaintiff's Complaint fails to state a plausible claim of constructive discharge, and the court should dismiss this claim.

### IV. Plaintiff's Allegations That Glunt Subjected a Class Of Women To a Pattern Or Practice Of Employment Discrimination Are Conclusory And Fail To Support a Plausible Claim.

Plaintiff alleges that Glunt has:

> [S]ubjected a class of women to less favorable terms and conditions of employment on the basis of sex including, but not limited to, the two women who were hired for project management positions or functions in 2021. Such disparate treatment included, but was not limited to denied, minimized, or limited ability to perform or fulfill the job duties attendant to their positions and/or titles; isolation or hostility; lesser assignments; denied or limited training; and exclusion from favorable terms and conditions granted or permitted to men."

(Compl. ¶ 40, ECF No. 1.)

Plaintiff's allegation that Glunt subjected a class of women to a pattern or practice of employment discrimination is conclusory and fails to plausibly establish a *prima facie* case of disparate treatment under Title VII.

At the pleading stage, Plaintiff need only state a plausible claim of disparate treatment. *See Serrano v. Cintas Corp.,* 699 F.3d 884, 898 (6th Cir. 2012); *see also EEOC v. FedEx Ground Package Sys.*, 158 F. Supp. 3d 393, 403 (W.D. Pa. 2016) ("'[P]attern or practice' is not itself a legal claim." (citation omitted)). To establish a *prima facie* case disparate treatment under Title VII, Plaintiff must plead facts sufficient to demonstrate: (1) the women belonged to a protected class; (2) the class of women suffered an adverse employment action; (3) the class of women were qualified for the positions they held; and (4) employees outside the protected class were treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Plaintiff's Complaint again fails to plausibly plead *any* facts that male employees outside the class of women were treated more favorably or had more favorable terms and conditions of employment. Plaintiff's Complaint states that "[a]fter Dennis Glunt and Joe Navarra took direct control over operations . . . [Glunt] discharged or constructively discharged Charging Party and other women, including the [two] women project managers." (Compl. ¶ 46, ECF No. 1.) Plaintiff's Complaint fails to provide any surrounding facts regarding the termination of the two women project managers. There are no allegations demonstrating, for purposes of pleading, that either employee was "qualified" for the position. Nor does Plaintiff allege any facts showing that other male employees were treated more favorably than either of the two female "project managers," let alone that there is a class of women who have been treated less favorably.

With no facts to support this disparate treatment claim, Plaintiff's allegations amount to nothing more than "the-*defendant- unlawfully-harmed-me* accusation[s]" which do not meet the pleading standards of *Iqbal* and *Twombly. Iqbal*, 556 U.S. at 678 (emphasis added); *Spencer-Dey v. Nicastro*, No. 1:16 CV 908, 2016 WL 9409018, at *1 (N.D. Ohio Apr. 22, 2016) ("The plaintiff is not required to include detailed factual allegations, but must provide more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (citation omitted)). Therefore, Plaintiff's claim that Glunt subjected a class of women employees to a pattern or practice of employment discrimination should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to grant its Motion to Dismiss Particular Claims.

Dated this 17th day of December, 2024

| | |
|---|---|
| Reinhart Boerner Van Deuren s.c.<br>1000 North Water Street, Suite 1700<br>Milwaukee, WI 53202<br>Telephone: 414-298-1000<br>Facsimile: 414-298-8097 | /s/ Robert S. Driscoll<br>Robert S. Driscoll<br>WI State Bar ID No. 1071461<br>rdriscoll@reinhartlaw.com<br><br>*Attorney for Defendants Glunt Industries, Inc. and Merit Capital Partners IV, LLC* |
| FRANTZ WARD LLP<br>200 Public Square, Suite 3000<br>Cleveland, Ohio 44114-1230<br>(216) 515-1660 - Phone<br>(216) 515-1650 – Fax | Christina E. Niro (0086272)<br>cniro@frantzward.com<br>Brian J. Kelly (0063679)<br>bkelly@frantzward.com<br><br>Attorney for Defendants Glunt Industries, Inc. and Merit Capital Partners IV, LLC |